JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Point Break Group Management, LLC | Ernest Troiano, Jr., et al |

**(b)** County of Residence of First Listed Plaintiff   Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cape May County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric H. Weitz/Justin Groen
Messa & Associates, P.C
123 S. 22nd Street
Philadelphia, PA  19103
215-568-3500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1964(c)
Brief description of cause:
RICO Action arising out of Wildwood Beach Festival

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
01/26/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 105 Church Road, Medford , New Jersey  08055

Address of Defendant: 157 W. Leaming Ave, wildwood, NJ 08260/1500 Samson Street, 4th Floor, Philadelphia, PA  19102, et al

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania and Wildwood, New Jersey
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☑

Does this case involve multidistrict litigation possibilities?    Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) RICO  18 USC § 1964(c)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Eric H. Weitz, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/26/2015 _____   _____ Attorney-at-Law      PA 65514 _____ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/26/2015 _____   _____ Attorney-at-Law      PA 65514 _____ Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| POINT BREAK GROUP MANAGEMENT, LLC | : | CIVIL ACTION |
| v. | : | |
| ERNEST TROIANO, JR., ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　　( )

| | | |
|---|---|---|
| 1/26/2015 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-3500 | 215-568-3501 | eweitz@messalaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POINT BREAK GROUP MANAGEMENT, LLC, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | NO. |
| ERNEST TROIANO, JR., | : | |
| ANTHONY LEONETTI, PETER BYRON, | : | **JURY TRIAL DEMANDED** |
| MARY D'ARCY BITTNER, ESQUIRE, RYAN | : | |
| TROIANO, CHRIS FOX, BEACH BUDDY, LLC, | : | |
| ANTHONY J. MORRISON, MARK MAREK, | : | |
| CHRISTOPHER HERGHELEGIU, ANTHONY | : | |
| SEMBELLO, LEVERAGE SGH, LLC, | : | |
| Defendants. | : | |

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this action is founded upon this Court's original jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act as codified at 18 U.S.C. § 1964(c).

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because Defendants Leverage SGH, LLC, Anthony J. Morrison, Christopher Herghelegiu and Anthony Sembello reside in this District and a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania.

# Table of Contents

**JURISDICTION AND VENUE** .................................................................................................1

**THE PARTIES** .........................................................................................................................3

**FACTS** ......................................................................................................................................9

    **THE BEACH UTILITY IS FOISTED UPON POINT BREAK** ....................................13

    **DEFENDANTS PURPOSEFULLY DISRUPT POITN BREAK'S OPERATIONS**........15

    **DEFENDANTS CONSPIRE TO USURP POINT BREAK'S IDEAS AND CONTACTS**............16

    **THE BEACH UTILITY WITHOLDS CRITICAL INFORMATION AND SEEKS TO DIVERT POINT BREAK'S CONTRACTUAL RIGHTS**...............................................18

    **DEFENDANTS CONCOCT ALLEGATIONS OF BREACH OF CONTRACT** ...........19

    **DEFENDANTS RESORT TO PHYSICAL THREATS AND INTIMIDATION OF POINT BREAK'S INDIVIDUAL MEMBERS** ...............................................................20

    **DEFENDANTS ENTER INTO A CONSENT DECREE BY AGREEMENT IN** ...........21

    **BAD FAITH** ....................................................................................................................21

**CLAIMS** .................................................................................................................................25

    **COUNT I**
    VIOLATIONS OF THE RICO ACT, 18 U.S.C. § 1962.....................................................25

    **COUNT II**
    POINT BREAK VS. ALL DEFENDANTS – VIOLATIONS OF 18 USC § 1341(Mail Fraud) ...........29

    **COUNT III**
    POINT BREAK VS. ALL DEFENDANTS – VIOLATIONS OF 18 USCS 1343
    (wire, radio or television fraud).........................................................................................31

    **COUNT IV**
    POINT BREAK VS. ALL DEFENDANTS – VIOLATIONS OF 18 USC § 1951
    (interference with commerce by threats or violence) .........................................................33

    **COUNT V**
    POINT BREAK VS. ALL DEFENDANTS – TORTIOUS INTERFERENCE ...................36

## THE PARTIES

3.  Plaintiff, Point Break Group Management, LLC (hereinafter "Point Break") is a New
    Jersey Corporation with an office located at 105 Church Road, Medford, New Jersey
    08055.

4.  Point Break is a limited liability company comprised of Michael McDonald, Ian Cairns,
    Jamie Peterson and America's Guest Management Group.

5.  Defendant, Ernest Troiano, Jr. (hereinafter "Mayor Troiano") is an adult individual
    residing at 157 W Leaming Avenue, Wildwood, New Jersey 08260.

6.  At all times relevant and material hereto, Mayor Troiano was and is the Mayor of
    Wildwood, New Jersey.

7.  At all times relevant and material hereto, Mayor Troiano acted in his private capacity
    and in his official capacity as Mayor of Wildwood, New Jersey.

8.  At all times relevant and material hereto, Mayor Troiano used his public position for his
    individual and co-conspirators' pecuniary benefit.

9.  Defendant, Anthony Leonetti, (hereinafter "Commissioner Leonetti") is an adult
    individual residing at 510 W Montgomery Avenue, Wildwood, New Jersey 08260.

10. At all times relevant and material hereto, Commissioner Leonetti was and is a member of
    the Board of Commissioners of Wildwood, New Jersey.

11. At all times relevant and material hereto, Commissioner Leonetti acted in his private
    capacity and in his official capacity as Commissioner of the City of Wildwood, New
    Jersey.

12. At all times relevant and material hereto, Commissioner Leonetti used his public position
    for his own individual and co-conspirators' pecuniary benefit.

13. Defendant, Peter Byron (hereinafter "Commissioner Byron") is an adult individual residing at 111 W Morning Glory Road, Wildwood, New Jersey 08260.

14. At all times relevant and material hereto, Commissioner Byron was and is a member of the Board of Commissioners of Wildwood, New Jersey.

15. At all times relevant and material times hereto, Commissioner Byron acted in his private capacity and in his official capacity as Commissioner of the City of Wildwood, New Jersey.

16. At all times relevant and material hereto, Commissioner Byron used his public position for his own individual and co-conspirators' pecuniary benefit.

17. Mayor Troiano, Commissioner Leonetti and Commissioner Byron comprised and comprise the entire Board of Commissioners of Wildwood, New Jersey (hereinafter collectively "Board of Commissioners").

18. Defendant, Mary D'Arcy Bittner, Esquire (hereinafter "Solicitor Bittner") is an adult individual residing at 15 Lake Vista Drive, Cape May Court House, New Jersey 08210.

19. At all times relevant and material hereto, Solicitor Bittner served and serves as City Solicitor for Wildwood, New Jersey and the Wildwood Beach Utility.

20. At all times relevant and material hereto, Solicitor Bittner acted in her private capacity and in her official capacity as City Solicitor of Wildwood, New Jersey.

21. At all times relevant and material hereto, Solicitor Bittner used her public position for her own individual and co-conspirators' pecuniary benefit.

22. Solicitor Bittner was given the job as City Solicitor as a result of her participation in the enterprise which is the subject of this Civil Action Complaint.

4

23. Defendant, Ryan Troiano is an adult individual residing at 205 W Leaming Avenue, Wildwood, New Jersey 08260.

24. On March 28, 2012, Ryan Troiano was appointed by the Board of Commissioners to be an advisor and/or supervisor at the Wildwood Beach Utility.

25. At all times relevant hereto, Ryan Troiano acted in his private capacity and as advisor and/or in his official capacity as supervisor at the Wildwood Beach Utility.

26. At all times relevant and material hereto, Ryan Troiano used his position as advisor and/or supervisor at the Wildwood Beach Utility for his own individual and co-conspirators' pecuniary benefit.

27. Defendant, Christopher Fox (hereinafter "Chris Fox") is an adult individual residing at 634 W Poplar Avenue, West Wildwood, New Jersey 08260.

28. Chris Fox donated to, and worked on behalf of the Board of Commissioners' election committee.

29. On March 28, 2012, Chris Fox was appointed by the Board of Commissioners to be an advisor and/or supervisor at the Wildwood Beach Utility.

30. At all times relevant hereto, Chris Fox acted in his private capacity and as advisor and/or in his official capacity as supervisor at the Wildwood Beach Utility.

31. At all times relevant and material hereto, Chris Fox used his position as advisor to the Wildwood Beach Utility for his own individual and co-conspirators' pecuniary benefit.

32. Ryan Troiano and Chris Fox directed, managed and controlled the Wildwood Beach Utility (hereinafter the "Beach Utility").

33.  Defendant, Beach Buddy LLC (hereinafter "Beach Buddy") is a for-profit company registered in the State of New Jersey with a registered address at 102 S. 26th Avenue, Longport, New Jersey 08403.

34.  Beach Buddy is a limited liability company comprised of Anthony J. Morrison d/b/a Leverage SGH LLC, Mark Marek, Christopher Herghelegiu and Anthony Sembello.

35.  Defendant, Leverage SGH, LLC is a for-profit limited liability company organized in the Commonwealth of Pennsylvania with an address at 1500 Sansom Street, 4th Floor, Philadelphia, Pennsylvania 19102.

36.  Defendant, Anthony J. Morrison is an adult individual residing at 2231 S. Rosewood Street, Philadelphia, Pennsylvania 19145.

37.  Upon information and belief, Anthony J. Morrison is a lifelong friend and self-proclaimed "beach buddy" of Ryan Troiano.

38.  Upon information and belief, Mr. Morrison used his contacts with the Beach Utility, the Board of Commissioners and Ryan Troiano to benefit himself, Leverage SGH, LLC and the other co-conspirators, including but not limited to, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Solicitor Bittner, Chris Fox, Ryan Troiano, Mark Marek,

38.  Christopher Herghelegiu and Anthony Sembello.

39.  Upon information and belief, Mr. Morrison utilized his position in Leverage SGH, LLC to obtain rights, contracts and permission to run beach bars and other money-making enterprises in the City of Wildwood.

40.  Defendant, Mark Marek is an adult individual residing at 116 Willow Oaks Lane, Mullica Hill, New Jersey 08062.

41. Upon information and belief, Mark Marek utilized his position in Leverage SGH, LLC to obtain rights, contracts and permission to run beach bars and other money-making enterprises in the City of Wildwood.

42. Defendant, Christopher Herghelegiu is an adult individual residing at 66 Valentine Road Warminster, Pennsylvania 18974.

43. Upon information and belief, Mr. Herghelegiu utilized his position in Leverage SGH, LLC to obtain rights, contracts and permission to run beach bars and other money-making enterprises in the City of Wildwood.

44. Defendant, Anthony Sembello is an adult individual residing at 720 Chestnut Street, Apartment 22, Philadelphia, Pennsylvania 19106.

45. Upon information and belief, Anthony Sembello utilized his position in Leverage SGH, LLC to obtain rights, contracts and permission to run beach bars and other money-making enterprises in the City of Wildwood.

46. At all times relevant and material hereto, Beach Buddy, Mr. Morrison, Mr. Marek, Mr. Herghelegiu and/or Mr. Sembello individually, jointly and/or on behalf of their limited liability company utilized connections and contacts with the Board of Commissioners and Beach Utility to undermine the contacts, contracts and connections of Point Break with the City of Wildwood, including the Board of Commissioners and Beach Utility, for the individual pecuniary private benefit of members/officials of the Beach Utility, Board of Commissioners, Beach Buddy, Mr. Morrison, Mr. Marek, Mr. Herghelegiu, Mr. Sembello, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Leverage SGH LLC and/or Solicitor Bittner.

47. At all times relevant and material hereto, the Beach Utility, Board of Commissioners, Solicitor Bittner, Mr. Morrison, Mr. Marek, Mr. Herghelegiu, Mr. Sembello, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Leverage SGH LLC and/or Beach Buddy conspired to form, or entered into, a common scheme, plan or design to obtain event promotion, beach bar and event rights on the Wildwood Beach belonging to Point Break.

48. At all times relevant and material hereto, the Beach Utility, Board of Commissioners, Solicitor Bittner, Mr. Morrison, Mr. Marek, Mr. Herghelegiu, Mr. Sembello, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Leverage SGH LLC and/or Beach Buddy jointly engaged in an enterprise as defined by 18 U.S.C. § 1961(4).

49. Each member of the Board of Commissioners, Beach Utility, Beach Buddy and Solicitor Bittner is an individual capable of holding a legal or beneficial interest in intellectual, commercial or financial property.

50. At all times relevant and material hereto, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Jason Barnes, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly, willfully, intentionally and/or purposefully conspired to obtain financial and/or ownership interests in events, activities, concerts, promotions and/or vending agreements with the City of Wildwood.

51. At all times relevant and material hereto, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Jason Barnes, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly, willfully, intentionally and/or purposefully conspired to scheme, defraud, threaten, coerce and/or intimidate members of Point Break.

52. At all times relevant and material hereto, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Jason Barnes, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly, willfully, intentionally and/or purposefully conspired to scheme, defraud, threaten, coerce and/or intimidate Point Break into relinquishing financial, contractual and/or property rights derived from the various agreements entered into by Point Break with the City of Wildwood.

## THE FACTS

53. The City of Wildwood is a residential community located on the southeastern coastline of the State of New Jersey.

54. The City of Wildwood, incorporated in 1912, is comprised of five separate municipalities consisting of Wildwood, North Wildwood, West Wildwood, Wildwood Crest and Diamond Beach.

55. The City of Wildwood has a boardwalk and beach area that includes amusement parks, water parks, concessions and vendors.

56. The City of Wildwood promotes and advertises its beach, boardwalk and amusement parks in newspapers, magazines, radio advertisements, television advertisements, its website and digital advertisements throughout the Commonwealth of Pennsylvania, the State of Delaware, the State of New Jersey and the State of New York.

57. The City of Wildwood obtains significant financial benefit, and a large portion of its yearly financial budget, from income and taxes derived from vacationers and guests from the Commonwealth of Pennsylvania, the State of Delaware, and the State of New York.

58. Concerned that other communities along the New Jersey coastline were deriving financial benefits from individuals and families coming from the Commonwealth of Pennsylvania, the State of Delaware and the State of New York, the Board of Commissioners discussed means for Wildwood to maintain and receive financial benefits from interstate visitors, vacationers and guests.

59. The individual members of Point Break are highly regarded concert and event promoters.

60. Point Break saw the City of Wildwood's natural resources, location between major metropolitan areas and existing infrastructure as an excellent location to hold music and surfing festivals.

61. Point Break envisioned making Wildwood the East Coast center of surfing and music festivals, similar to what Mr. Cairns of Point Break had created with the U.S. Open of Surfing in California.

62. Point Break approached the Board of Commissioners to discuss their vision for the Wildwood Beach Festival.

63. As a result, on or about March 28, 2012, pursuant to City Ordinance 911-12, the Board of Commissioners created the Beach Utility, effective May 15, 2012, appointing Chris Fox and Ryan Troiano as advisors. [A copy of City Ordinance 911-12 and the minutes of the March 28, 2012 Board of Commissioners' meeting are attached hereto as Exhibit "A"].

64. As Point Break brought opportunities from vendors, concessionaires, concert promotions and artists to Wildwood, the Defendants conspired to ensure that Chris Fox and Ryan Troiano received payment and/or direct and/or indirect financial benefit from the Beach Utility and/or the City of Wildwood.

65. On January 31, 2013, Mayor Troiano was interviewed by the Wildwood Leader and Mayor Troiano referred to the Beach Utility as a "self-liquidating accounting" meaning that Chris Fox and Ryan Troiano were to be paid by income generated by the Beach Utility. [A copy of the January 31, 2013, article is attached hereto as Exhibit "B"].

66. On or about April 5, 2012, the City of Wildwood issued a Request for Proposal (hereinafter "RFP") for arrangement of events and attractions for the City of Wildwood. [A copy of the Wildwood RFP is attached hereto as Exhibit "C"].

67. Upon information and belief, on April 28, 2012, Ryan Troiano resigned from his "unpaid" position at the Beach utility via an email to the Board of Commissioners and Chris Fox. [A copy of Ryan Troiano's email is attached hereto as Exhibit "D"].

68. Upon information and belief, Ryan Troiano was angered when he learned that the Board of Commissioners was going to enter into an agreement with Point Break to fulfill the RFP rather than provide him with many of those opportunities.

69. On May 1, 2012, Point Break and the City of Wildwood entered into an exclusive representation agreement through which Point Break would negotiate with vendors and distributors on behalf of Wildwood for the City to retain eighty (80%) of all profits from all soft drinks sold. [A copy of the May 1, 2012, Agreement is attached hereto as Exhibit "E"].

70. On May 18, 2012, following days of additional negotiation, Wildwood accepted Point Break's proposal for a Wildwood Beach Festival and awarded Point Break a five year contract for Point Break to perform beach concession activities, promotional events and concerts on Wildwood's beaches. [A copy of City Resolution 291A-5-12 is attached hereto as Exhibit "F"].

71. Point Break's proposal for the Wildwood Beach Festival included sponsorships from soft drink companies such as Coca-Cola, Pepsi and/or Red Bull, concerts by world famous musicians, recreational vehicle parking, beach bars, surfing lessons, surfing contests and other events and activities. [A copy of Point Break's proposal to the City is attached hereto as Exhibit "G"].

72. The original negotiations, RFP and proposed Agreement (hereinafter "Agreement") did not include any payments of monies to the Beach Utility, Ryan Troiano or Chris Fox. [A copy of the proposed Agreement is attached hereto as Exhibit "H"].

73. Upon information and belief, on May 23, 2012, the Board of Commissioners discussed the beach amenities during the executive session. Although Ryan Troiano was not on the Board of Commissioners, he participated in the executive session.

74. Upon information and belief, on June 13, 2012, the Board of Commissioners discussed the beach amenities bid during another executive session. Although Ryan Troiano was not on the Board of Commissioners, he participated in the executive session.

## THE BEACH UTILITY IS FOISTED UPON POINT BREAK

75. On June 18, 2012, the Board of Commissioners insisted upon amending the Agreement with Point Break.

76. The Concessionaire Agreement, entered into on June 22, 2012, altered the relationship between Point Break and Wildwood, the fee and profit structures between Point Break and Wildwood and inserted the Beach Utility into the Agreement. [A copy of the June 22, 2012, Concessionaire Agreement is attached hereto as Exhibit "I"].

77. The Board of Commissioners insisted that Point Break's role as "Beach Operator" be limited to "Concessionaire" and inserted the Beach Utility, mandating that the Beach Utility operate and supervise Point Break. [Exhibit "I," paragraphs 6 and 11].

78. Paragraph 6 of the Concessionaire Agreement required Point Break to coordinate its hiring of individuals to work on the Wildwood Beach Festival with the Beach Utility. [Exhibit "I," paragraph 6].

79. Paragraph 11 of the Concessionaire Agreement required Point Break to cooperate with the Beach Utility who would liaise with numerous municipal services. [Exhibit "I," paragraph 11].

80. Paragraph 11 provides also that Point Break was required to observe the directives of the "Superintendent of the Beach Utility." [Exhibit "I," paragraph 11].

81. Pursuant to paragraph 3 of the Concessionaire Agreement, Point Break was awarded exclusive rights to furnish, install and/or operate:

    a.   Cabanas, chairs, and umbrella rentals;

    b.   Beach shuttle services;

    c.   Fire pits;

    d.   Performance platforms;

    e.   Outdoor movies and T.V.;

    f.   Surf beach programming;

    g.   Fitness beach;

    h.   Activity boxes;

    i.   Wildwood/walk of fame/factoid markers; and

    j.   Light attractions.

82. Pursuant to paragraph 5 of the Concessionaire Agreement, Point Break was additionally awarded the rights to operate the following activities following payment of additional fees to the Wildwood:

    a.   Recreational Vehicle Management;

    b.   Surf beach special events;

    c.   Additional surf beach special events (including all sporting, water, sand and action sports events);

    d.   South beach resort;

    e.   Revenue sharing from corporate signage, sponsorships and other opportunities;

    f.   Beach concerts and other musical events; and

    g.   North beach resort.

83. Pursuant to the Concessionaire Agreement, Wildwood was to obtain a permit from the New Jersey Department of Environmental Protection for the activities which were part of the Beach Festival. [Exhibit "I," page 2].

84. Unbeknownst to Point Break, Ryan Troiano, Chris Fox and the Board of Commissioners were utilizing the information derived from Point Break to undermine Point Break's activities and usurp their plans and business contracts in an attempt to steer the financial benefits to Ryan Troiano, Chris Fox and the individual members of the Board of Commissioners.

85. In accordance with the Concessionaire Agreement, upon executing the contract, Point Break Point Break paid to Wildwood $12,167.00.

## DEFENDANTS PURPOSEFULLY DISRUPT POITN BREAK'S OPERATIONS

86. As part of the Wildwood Beach Festival, Point Break informed the Board of Commissioners and Beach Utility of its plans to have recreational vehicle parking on the beach.

87. The Board of Commissioners received a permit from the State on July 3, 2012, which allowed parking of recreational vehicles on the beach.

88. The Board of Commissions, Beach Utility, Ryan Troiano and/or Chris Fox purposefully withheld delivering the permit to Point Break thereby causing an obstacle to the performance of the Concessionaire Agreement.

89. On or about July 3, 2012, while conducting feasibility studies and setting up the recreational vehicle parking, Commissioner Byron, Commissioner Leonetti, Ryan Troiano and Chris Fox forced Point Break to stop the studies and stop setting up the recreational vehicle beach parking.

15

90. On July 3, 2012, Commissioner Byron emailed Point Break informing Point Break that they did not have authority to arrange for Recreational Vehicle beach parking despite having that authority in paragraph 5 of the Concessionaire Agreement. [Exhibit "I"].

91. Upon information and belief, on July 11, 2012, during the Board of Commissioners' executive session, they discussed the Beach Utility and Beach Utility Counsel. Ryan Troiano was present at the executive session despite not serving as a Commissioner.

92. On July 13, 2012, the Board of Commissioners appointed Solicitor Bittner as solicitor for the Beach Utility with an annual retainer of seven thousand five hundred dollars ($7,500), later raised to ten thousand-five hundred dollars ($10,500).

93. On July 31, 2012, the Beach Utility and Board of Commissioners removed Point Break's surfing lessons from the beach and had the Point Break employees harassed by members of the Wildwood Police Department.

## DEFENDANTS CONSPIRE TO USURP POINT BREAK'S IDEAS AND CONTACTS

94. During and after negotiations pertaining to the Agreement and Concessionaire Agreement, Point Break suggested that Wildwood use the Monster Truck Building located at 4101 Boardwalk to host the Wildwood Beach Festival.

95. Point Break additionally suggested that Wildwood could generate significant income to the City by entering into a long duration lease of the Monster Truck Building.

96. Point Break introduced Jason Barnes to the Board of Commissioners as a potential lessor of the Monster Truck Building.

97. At the time of the introduction, Point Break was working within the confines of the Concessionaire Agreement and made the introduction as part of the planning for the Wildwood Beach Festival.

98. On August 22, 2012, after discussing the role of the Monster Truck Building, the
Defendants usurped Point Break's ideas, vision and contacts by agreeing to lease the
Monster Truck Building to Jason Barnes d/b/a Eastern Exchange, LLC for a term of fifty
(50) years for $1.6MM.

99. Upon hearing of the lease, a representative of Point Break, Michael McDonald, went to
City Hall seeking copies of the lease documents.

100.    Upon arriving at City Hall, Mr. McDonald was accosted by Ryan Troiano who,
along with his co-conspirators, denied Mr. McDonald the ability to obtain lease
documents.

101.    The Monster Truck Building was the subject of a newspaper article on September
6, 2012, which discussed the terms of the lease, and informed the public that there would
be recreational vehicle parking around the Monster Truck Building not connected to
Point Break, but being organized by Mr. Barnes. [A copy of the September 9, 2012,
article is attached hereto as Exhibit "J"].

102.    On August 4, 2012, Point Break agreed in principal to a three year concession
agreement with Coca-Cola, requiring Coca-Cola to pay seventy-five thousand dollars
($75,000) up front, with additional revenue each year thereafter. [A copy of the e-mail
letter of intent is attached as Exhibit "K"].

103.    Upon sharing this information with the Board of Commissioners and Beach
Utility, in an attempt to usurp Point Break's contacts and undermine their ability to
conduct business with Coca-Cola, Ryan Troiano contacted Coca-Cola's representative,
Domenic Celenza, claiming to speak on behalf of the Board of Commissioners and the

Beach Utility and attempted to negotiate his own vending and placement contract with Coca-Cola.

104.     Upon information and belief, on August 22, 2012, the Defendants informed Point Break that any agreement with Coca-Cola needed to be competitively bid so as to permit Ryan Troiano and co-members of the enterprise to submit their own proposals.

105.     Additionally in August 2012, City officials met with two of the three partners of Point Break, Ian Cairns and Jamie Peterson, in an attempt to convince them to break away from Point Break so that they could enter into a side deal through which Wildwood and the Beach Utility would receive more financial benefits.

106.     On August 15, 2012, despite the exclusive contract with Point Break, the Board of Commissioners and Beach Utility entered into a contract with an outside company, Ocean Innovations, to operate water gun battles on the Wildwood beach.

**THE BEACH UTILITY WITHOLDS CRITICAL INFORMATION AND SEEKS TO DIVERT POINT BREAK'S CONTRACTUAL RIGHTS**

107.     On February 28, 2013, Ryan Troiano was informed via email by the Alcoholic Beverage Control Bureau Chief that a one year temporary license would be given to the company that won the bid to open the Beach Bar. [A copy of the February 28, 2013, email is attached hereto as Exhibit "L"].

108.     Upon information and belief, during the early stages of litigation and settlement negotiations among Point Break and the City of Wildwood, Ryan Troiano contacted his lifelong friend and self-proclaimed "beach buddy," Defendant, Anthony Morrison, who based on Ryan Troiano's input and direction, formed Beach Buddy, LLC.

109.     The enterprise then submitted bids through Beach Buddy, LLC to surreptitiously operate the beach bars in Wildwood.

110.     Upon information and belief, the enterprise then guided Beach Buddy's bid

through the Wildwood process so that it would be awarded the right to operate the beach

bars.

**DEFENDANTS CONCOCT ALLEGATIONS OF BREACH OF CONTRACT**

111.     On August 15, 2012, Wildwood submitted a notice of breach of contract to Point

Break on behalf of the Beach Utility via the mail highlighting numerous areas of Point

Break's alleged breach of contract. [A copy of the August 15, 2012, letter is attached

hereto as Exhibit "M"].

112.     The alleged violations were either non-existent or a direct result of the conspiracy

to undermine the Concessionaire Agreement so that the enterprise would individually and

collectively profit.

113.     Point Break attempted to organize and coordinate beach bars, a beach recreational

vehicle park and concerts, all of which were purposefully stymied by the enterprise.

114.     Despite the notice of breach of contract, on August 16, 2012, Mayor Troiano

stated to the Wildwood Leader that Point Break "is made up of people who had been

very, very successful in creating venues like what we are trying to set up on our beach."

[A copy of the August 16, 2012, article is attached hereto as Exhibit "N"].

115.     During the August 22, 2012 Board of Commissioners' meeting, when addressing

Point Break's role in operating the R.V. Park, Mayor Troiano stated that "we have some

concerns with the operator [Point Break]." [A copy of the August 22, 2012, article

attached hereto as Exhibit "O"].

116.     Empowered by the Defendants' purposeful obstructionism and usurping of Point

Break's ideas, vision and contacts, on September 19, 2012, via resolution 373-9-12, the

Board of Commissioners illegally voided the June 22, 2012 Concessionaire Agreement with Point Break. [A copy of City Resolution 373-9-12 is attached hereto as Exhibit "P"].

117.     The City announced then that it would be accepting RFPs to operate beach bars on the Wildwood beach.

## DEFENDANTS RESORT TO PHYSICAL THREATS AND INTIMIDATION OF POINT BREAK'S INDIVIDUAL MEMBERS

118.     In March of 2013, when Point Break informed the Defendants that Point Break intended to report the Defendants' unethical and illegal enterprise to the New Jersey Attorney General, Ryan Troiano and Chris Fox threatened individual members of Point Break.

119.     In March 2013, Ryan Troiano sent a series of threatening text and phone messages to Jamie Peterson in which he threatened to take action against Mr. Peterson for his role in Point Break.

120.     In March 2013, Ryan Troiano and Chris Fox informed Mr. McDonald that they needed to meet with him to discuss Point Break's plans.

121.     Ryan Troiano and Chris Fox mandated that the meeting take place under the Wildwood boardwalk.

122.     Chris Fox drove to the meeting in a city vehicle brandishing a holster on his hip which was presumed to contain a revolver.

123.     During the meeting, Ryan Troiano told Mr. McDonald that Mr. McDonald should not report the enterprises' actions to the State Attorney General.

124.     When Mr. McDonald informed Ryan Troiano and Chris Fox that he intended to continue the reporting process, Chris Fox approached Mr. McDonald in a threatening manner and told Mr. McDonald that he would not allow Mr. McDonald's actions to affect his own livelihood.

## DEFENDANTS ENTER INTO A CONSENT DECREE BY AGREEMENT IN BAD FAITH

125.     As a result of the Defendants actions and inactions, Point Break filed a Complaint in Lieu of Prerogative Writ in Cape May County on November 2, 2012 in Cape May County, Civil Docket number CPM-L-545-12. [A copy of the Complaint is attached as Exhibit "Q"].

126.     Point Break sought to have the June 22, 2012 Concessionaire Agreement enforced, the City resolution rescinding the contract voided and an award of attorney's fees and costs and other relief determined by the Court.

127.     Both parties served and responded to numerous discovery requests.

128.     Prior to taking depositions, both parties attended a conference with the Court.

129.     In furtherance of the enterprise, Defendants purposefully, intentionally and wantonly chose not to inform Point Break, or the Court, that the Alcoholic Beverage Control Bureau informed them that the Bureau would grant a temporary one year license to serve Alcohol at the beach bars, providing the operator submit an application for the license within a specific time.

130.     On Tuesday, March 12, 2013, during litigation, Ryan Troiano and Commissioner Byron organized a town meeting via telephone, radio, print and/or television communications in furtherance of the enterprise to defraud the citizens of Wildwood, by using Point Break's ideas and plans.

131.     During the town meeting, Ryan Troiano and Commissioner Byron in an attempt

to defend the need for the Beach Utility argued to the community that the actions of the

Board of Commissioners and Beach Utility financially benefited the City through leasing

the Monster Truck Building and granting licenses to operate beach bars and planning an

ice skating rink. At no point during the meeting did Ryan Troiano, Chris Fox or

Commissioner Byron identify their financial position in, and/or benefits from, the

ventures.

132.     On April 22, 2013, Wildwood enacted Resolution 149-4-13 authorizing the Board

of Commissioners to enter into a Consent Order settling Point Break's litigation. [A copy

of the Consent Order, including Resolution 149-4-13, is attached hereto as Exhibit "R"].

133.     Following the Court's involvement, Point Break and the City of Wildwood

entered into a Consent Order Resolving Litigation and Amending Concessionaire

Agreement on May 14, 2013. [Exhibit "R"].

134.     The Consent Decree superseded the Concessionaire Agreement of June 22, 2012.

135.     Despite entering into Consent Decree by Agreement with Point Break,

Defendants never intended to uphold their obligations under the Consent Decree.

136.     Paragraph 1(m) of the Consent Decree required Defendants to use good faith

efforts to obtain a license to serve alcohol.

137.     Despite the Defendants' knowledge that the Alcohol license would not be granted,

Defendants purposefully and intentionally withheld information from Point Break and the

Court so that the enterprise could continue to discover Point Break's business and

entertainment connections with the willful and wanton intent to usurp those connections for their own benefit.

138.     On May 20, 2013, the Alcoholic Beverage Control Bureau informed Ryan Troiano, through email, that because no one had not submitted an application for a license, no liquor license would be provided for the summer season of 2013 to Point Break. [A copy of the May 20, 2013, email is attached hereto as exhibit "S"].

139.     Defendants defrauded Point Break and the Court by refusing to meet with, or return phone calls from Point Break members.

140.     Defendants defrauded Point Break and the Court by refusing to work along with Point Break Members.

141.     Defendants defrauded Point Break and the Court by refusing to arrange or discuss events and activities with Point Break.

142.     In fulfillment of their obligations under the Consent Decree, Point Break entered into a preliminary agreement with Steven Brown and Star Group Communications on October 2, 2013, to assist Point Break in the planning of Wildwood events and concessions. [A copy of the October 2, 2013, letter of intent is attached hereto as Exhibit "T"].

143.     On October 3, 2013, Point Break and a representative from the Star Group, a nationally recognized marketing, public relations, entertainment and event firm, met with Commissioner Byron, Solicitor Bittner, Chris Fox and Ryan Troiano to discuss the role that the Star Group would play in future events and activities in Wildwood.

144.     Following the meeting, Solicitor Bittner repeatedly attempted to contact the Star Group to have further conversations that did not include Point Break.

23

145.    On October 23, 2013, the Board of Commissioners requested outside companies and individuals to submit RFPs to construct operate and manage seasonal food and beach bars on the Wildwood beach.

146.    In direct violation of the Consent Decree, on or about November 14, 2013, Ryan Troiano personally met with the Star Group, claiming to act on behalf of the Commissioners, without notifying Point Break.

147.    During the November 2013 meeting, Ryan Troiano attempted to convince the Star Group to enter into an agreement directly with the enterprise to operate beach bars to the exclusion of Point Break.

148.    On or about November 15, 2013, via letter delivered by the United States Postal Service to Richard Hunt, Esquire, attorney for Point Break, Defendants told Point Break that the City was requesting outside companies and organizations to submit Requests for Proposals to arrange for beach concessions and activities. [A copy of the November 15, 2013, letter is attached hereto as Exhibit "U"].

149.    On April 30, 2014, the City of Wildwood entered into an agreement with Beach Buddy, LLC, signed by Mayor Troiano, to hold a concert on June 28, 2014, which mandated Beach Buddy paying a fifteen thousand dollar ($15,000) deposit to the City.

## CLAIMS

## COUNT I
VIOLATIONS OF THE RICO ACT, 18 U.S.C. § 1962

150.     Plaintiff hereby incorporates the preceding and succeeding paragraphs as though

fully set forth at length.

151.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan

Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher

Herghelegiu and Anthony Sembello individually and as representatives of Board of

Commissioners, the Beach Utility and Beach Buddy, LLC were employed by, or

associated with an enterprise engaged in, and activities which affected, interstate and/or

foreign commerce.

152.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan

Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher

Herghelegiu and Anthony Sembello individually and as representatives of the Board of

Commissioners, the Beach Utility and Beach Buddy, LLC respectively, knowingly,

willfully, intentionally and/or purposefully engaged in an enterprise which affected

interstate and/or foreign commerce.

153.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan

Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher

Herghelegiu and Anthony Sembello individually and as representatives of Board of

Commissioners, the Beach Utility and Beach Buddy, LLC used their individual positions

and relationships in the enterprise to facilitate the commission of racketeering activity.

154.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC engaged in a pattern of racketeering activity.

155.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly, willfully, intentionally and/or purposefully conspired by objectively indicating through words or actions their agreement to conduct and/or participate, either directly or indirectly, in the conduct of the enterprise through a pattern of racketeering activity.

156.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC overtly acted and conspired to accomplish the object and/or purpose of the enterprise.

157.     The pattern of racketeering activity performed and conducted by Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC included, but was not limited to, 18 USC § 1341 (mail

fraud), 18 USC § 1343 (Wire, radio or television fraud) and 18 USC § 1951 (interference with commerce by threats or violence).

158.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC utilized their positions, or were employed by, or associated with, an enterprise engaged in activities which affected interstate and/or foreign commerce.

159.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knew individually, or as part of the enterprise, that the object of the pattern of racketeering activity was to obtain the experience and connections of Point Break and Point Break's ideas for the financial benefit of the persons and organizations participating in the enterprise.

160.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC used the following devices in furtherance of their pattern of racketeering activity:

   a.   Using cellular phones to make intrastate phone calls;

   b.   Using cellular phones to make interstate phone calls;

   c.   Using home and office phones to make intrastate phone calls;

27

d.  Using home and office phones to make interstate phone calls;

e.  Using internet domains, names and addresses to communicate intrastate;

f.  Using internet domains, names and address to communicate interstate;

g.  Soliciting interstate companies based in Philadelphia, Pennsylvania to submit RFPs to run and organize beach bars, concerts, events and promotions in Wildwood; and

h.  Soliciting payment from individuals and/or companies living and/or based in Pennsylvania to obtain contracts and agreements with the City of Wildwood.

161.    Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually or through the auspices of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC acquired and/or maintained an interest in:

a.  The Wildwood Beach Festival;

b.  Soft beverage concessions on Wildwood Beach;

c.  Future Wildwood concert series;

d.  The leasing of the Monster Truck Building;

e.  Various beach bars;

f.  Various food establishments;

g.  Various beach concessions;

h.  Beach Patrol Taxis; and

i.   Relationships with numerous promoters, vendors and/or sponsors including, but not limited to, the Star Group, Coca-Cola, Huka Entertainment and PJ Whelihan's Pub and Restaurant.

162.     Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC received financial income, interest in future income and/or benefit from the pattern of racketeering activity.

Wherefore, Plaintiff, Point Break, demands judgment in its favor against Defendants, jointly and severally, in accordance with all statutorily available remedies including threefold financial damages together with interest and costs of suit including reasonable attorney's fees.

## COUNT II
POINT BREAK VS. ALL DEFENDANTS – VIOLATIONS OF 18 USC § 1341 (Mail Fraud)

163.     Plaintiff incorporates the preceding and succeeding paragraphs as though fully set forth herein.

164.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly and willfully violated 18 USC § 1341 (mail fraud).

165.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC aided or abetted in the commission of violating 18 USC § 1341 (mail fraud).

166.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC utilized the mail to fraudulently induce contracts to be entered in furtherance of their pattern of racketeering activity.

167.     The actions taken by Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC in furtherance of the enterprise included, and are not limited to:

   a.   Sending false Notice of Breach of contract letters through the mail;

   b.   Sending communications through the mail soliciting assistance from Point Break with the intent to convert Point Break's ideas and contacts;

   c.   Sending communications through the mail to vendors, promoters and/or sponsors associated with Point Break;

d. Sending communications through the mail to merchandisers associated with Point Break;

e. Holding themselves out as representatives of Wildwood who could ensure better opportunities with Wildwood rather than Point Break;

f. Undermining Point Break with their contacts, vendors, merchandisers and promoters;

g. Undermining Point Break's reputation with their contacts, vendors, sponsors, merchandisers and promoters;

h. Using the mail in furtherance of the enterprise's scheme to defraud Point Break of their plans, ideas and promotional strategy; and

i. Using the mail in furtherance of the enterprise's scheme to fraudulently obtain the rights conveyed on Point Break through the June 22, 2012, Concessionaire Agreement.

Wherefore, Plaintiff, Point Break, demands judgment in its favor against Defendants, jointly and severally, in accordance with all statutorily available remedies including threefold financial damages together with interest and costs of suit including reasonable attorney's fees.

## COUNT III
### POINT BREAK VS. ALL DEFENDANTS – VIOLATIONS OF 18 USCS 1343
(wire, radio or television fraud)

168.     Plaintiff incorporates the preceding and succeeding paragraphs as though fully set forth herein.

169.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony

31

Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly and willfully violated 18 USC § 1343 (wire, radio or television fraud).

170.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC aided or abetted in the commission of violating 18 USC § 1343 (wire, radio or television fraud).

171.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC utilized wire services, the radio and/or television fraudulently induce contracts to be entered in furtherance of their pattern of racketeering activity.

172.     The actions taken by Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC in furtherance of the enterprise included, and are not limited to:

    a.  Soliciting assistance from Point Break with the intent of converting Point Break's ideas and contacts;

b.  Advertising Point Break's plans, while usurping the plans for their own pecuniary benefit;

c.  Using Point Break's goodwill and reputation in furtherance of the pattern of racketeering activity;

d.  Using Point Break's ideas in their pattern of racketeering activity;

e.  Arranging town/community meetings;

f.  Soliciting additional RFPs from outside sources to hold events, programs, beach bars and concerts in violation of the Agreement with Point Break; and

g.  Using the newspapers, radio and television in furtherance of the enterprise's scheme to defraud and usurp the good will, reputation, plans and ideas of Point Break;

Wherefore, Plaintiff, Point Break, demands judgment in its favor against Defendants, jointly and severally, in accordance with all statutorily available remedies including threefold financial damages together with interest and costs of suit including reasonable attorney's fees.

## COUNT IV
### POINT BREAK VS. ALL DEFENDANTS – VIOLATIONS OF 18 USC § 1951
(interference with commerce by threats or violence)

173.  Plaintiff incorporates the preceding and succeeding paragraphs as though fully set forth herein.

174.  At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach

Utility and Beach Buddy, LLC knowingly and willfully violated 18 USC § 1951 (interference with commerce by threats or violence).

175.    At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC aided or abetted in the commission of violations of 18 USC § 1951.

176.    At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly used the police to harass and mistreat members of Point Break's operations on the Wildwood beach in furtherance of their pattern of racketeering activity.

177.    At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly threatened Jamie Peterson for his involvement in Point Break, in furtherance of their pattern of racketeering activity.

178.    At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor

Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly used cell phones, text messages and emails to threaten Jamie Peterson for his involvement in Point Break, in furtherance of their pattern of racketeering activity.

179.      At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly threatened Michael McDonald for his involvement in Point Break, in furtherance of their pattern of racketeering activity.

180.      At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC used their threats to attempt to have Point Break forego their contractual rights and Agreement with the City of Wildwood.

181.      In furtherance of the enterprise's pattern of racketeering activity, Ryan Troiano and Chris Fox held meetings with members of Point Break in dimly lit areas which could not be viewed from the outside.

182.      In furtherance of the enterprise's pattern of racketeering activity, Chris Fox wore a visible gun holster and verbally accosted and threatened a member of Point Break.

183.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC sanctioned the activities and tactics used by Ryan Troiano and Chris Fox.

Wherefore, Plaintiff, Point Break, demands judgment in its favor against Defendants, jointly and severally, in accordance with all statutorily available remedies including threefold financial damages together with interest and costs of suit including reasonable attorney's fees.

## COUNT V
### POINT BREAK VS. ALL DEFENDANTS – TORTIOUS INTERFERENCE

184.     Plaintiff incorporates the preceding and succeeding paragraphs as though fully set forth herein.

185.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC knowingly and intentionally interfered with Point Break's Concessionaire Agreement with the City of Wildwood.

186.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach

Utility and Beach Buddy, LLC knew that Point Break's Concessionaire Agreement with the City of Wildwood was a proper and valid contract.

187.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC had knowledge of the Concessionaire Agreement.

188.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC acted intentionally and improperly to interfere with the Concessionaire Agreement.

189.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC wrongfully interfered with Point Break's existing and prospective contractual relationships.

190.     At all times relevant and material hereto, Defendants, Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello, individually and as representatives of the Board of Commissioners, the Beach

Utility and Beach Buddy, LLC wrongfully interfered with Point Break's existing and prospective business relationships.

191.     At all times relevant and material hereto, Point Break suffered financial and reputation injury as a result of the actions of Defendants Mayor Troiano, Commissioner Leonetti, Commissioner Byron, Ryan Troiano, Chris Fox, Solicitor Bittner, Anthony Morrison, Mark Marek, Christopher Herghelegiu and Anthony Sembello individually and as representatives of the Board of Commissioners, the Beach Utility and Beach Buddy, LLC.

Wherefore, Plaintiff, Point Break, demands judgment in its favor against Defendants, jointly and severally, in accordance with all available remedies together with interest and costs of suit including reasonable attorney's fees.

**MESSA & ASSOCIATES, P.C.**

BY: _____
ERIC H. WEITZ, ESQUIRE
JUSTIN L. GROEN, ESQUIRE

Dated: 1/26/2015